IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Mittelstaedt | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 12 C 5131 |
| Gamla-Cedron Orleans LLC | ) | |
| | ) | Judge Virginia M. Kendall |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Dorothy Mittelstaedt ("Plaintiff") has brought claims against Gamla-Cedron Orleans, Inc. ("Gamla") for breach of contract and specific performance of a real estate purchase agreement. Gamla asserted the affirmative defense of unclean hands to the Plaintiff's claims. Plaintiff has now moved to strike that affirmative defense pursuant to Federal Rule of Civil Procedure 12(f). For the reasons set forth below, the Court denies the Plaintiff's Motion.

## BACKGROUND

When considering a motion to strike an affirmative defense, the court must take as true all facts alleged in the defense and construe all reasonable inferences in favor of the defendant. *See, e.g., Circle Group Holdings, Inc. v. Akhamzadeh,* No. 05 C 3921, 2006 WL 2548164, at *7 (N.D. Ill. Sept. 1, 2006); *Fried Trading Co. v. Austern,* No. 86 C 8223, 1987 WL 4773, at *1 (N.D. Ill. April 20, 1987) ("[T]he court must accept as true the well-pleaded facts of the counterclaim and the affirmative defenses").

On or about May 11, 2012, Plaintiff entered into a contract with 327 Chicago L.L.C. ("327 Chicago") to purchase a condominium in a building located at 757 N. Orleans Street in Chicago,

Illinois. (Gamla Affirmative Defense, Doc. 25 at 13, ¶ 10.)[1] 327 Chicago is managed by RTG Land Development Corporation ("RTG"). (*Id.* at ¶ 2.) RTG is also a member of 327 Chicago. (*Id.*) RTG is owned and controlled by Richard Gammonley, the Plaintiff's son. (*Id.* at ¶ 3.)

Prior to Plaintiff entering into her purchase agreement with 327 Chicago, 327 Chicago had entered into an "Agreement of Purchase and Sale" (the "Bulk Purchase Agreement") with Gamla on or about May 3, 2012. (*Id.* at ¶ 5.) Pursuant to the Bulk Purchase Agreement, 327 Chicago agreed to sell Gamla forty residential condominium units, as well as all remaining limited common element parking spaces and limited common elements storage spaces owned by 327 Chicago that were located at 757 N. Orleans. (*Id.*) In addition, 327 Chicago assigned its rights and obligations under five existing pending sales contracts for condominium units in the building. (*Id.* at ¶ 8.)

At the time Gamla entered into the Bulk Purchase Agreement, there was no pending sales contracts for Unit 2206, which is one of the condominium units in 757 N. Orleans. The value of Unit 2206 was listed at $706,000. (*Id.* at ¶ 6.) Gamla gave 327 Chicago and Gammonly permission to continue to market and sell individual units before Gamla closed on the Bulk Purchase Agreement; however, no units could be sold for less than $252 per square foot. (*Id.* at ¶ 8.)

On May 9, 2012, Gamla advised 327 Chicago that Gamla was willing to close under the Bulk Purchase Agreement and the parties set a closing date for May 16, 2012. (*Id.* at ¶ 9.) Between May 9th and the closing date, 327 Chicago entered into seven additional contracts to sell individual condominium units in the building. (*Id.* at ¶ 10.) One of these contracts was for the sale of Unit 2206 to the Plaintiff (the "2006 Contract"). (*Id.*) Despite being listed for sale at $706,000, Gammonley caused 327 Chicago to convey Unit 2206 to his mother for only $460,000. This

---

[1] Hereinafter the Court will just refer to the document number and paragraph in the affirmative defense.

$460,000 purchase price also included two separate parking spaces, which were not included in the original $706,000 list price. (*Id.* at ¶ 15.) At the time she entered into the 2206 Contract, Plaintiff was aware that 327 Chicago would assign its rights under the 2206 Contract to Gamla pursuant to the Bulk Purchase Agreement. (*Id.* at ¶¶ 23-25.)

Prior to entering into the 2206 Contract, Plaintiff knew that the unit was not complete and required significant work to be complete. (*Id.* at ¶ 20.) There were no fixtures, flooring, cabinetry or appliances in the unit. (*Id.*) In fact, significant labor and expense would be required to complete the unit for occupancy. (*Id.*) Despite this, Plaintiff agreed that the unit was complete and ready to be occupied as a residence when she executed the 2206 Contract. (*Id.*) However, after Gamla closed on the Bulk Purchase Agreement, Plaintiff demanded that Gamla improve the unit and finish its completion. (*Id.* at ¶ 21.)

At no time prior to or at the closing on the Bulk Sales Agreement did 327 Chicago, RTG or Gammonley advise Gamla that: (1) there was an agreement with the Plaintiff whereby Unit 2206 would be built out; (2) the two parking spaces to be conveyed under the 2206 Contract were already the subject of a previous lease agreement between 327 Chicago and a third-party lessee; (3) the pre-existing lease agreement was in effect and provided the third-party lessee with an option to purchase the parking spaces; and (4) that Unit 2206 was not sold in an arm's length transaction to a bona fide party retail purchaser, *i.e.*, that 327 Chicago was selling the unit to Gammonley's mother. (*Id.* at ¶ 17.) Plaintiff was aware that none of this information was conveyed to Gamla prior to the closing on the Bulk Sales Agreement. (*Id.* at ¶¶ 23-25.) After learning about the Plaintiff's relationship with Gammonley, Gamla has refused to honor the 2206 Contract.

3

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(c) requires parties to set forth any affirmative defenses in their responsive pleadings and specifically lists nineteen defenses that must be pled affirmatively. A motion to strike pursuant to Rule 12(f) is the appropriate means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp.,* 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Courts disfavor motions to strike affirmative defenses, and only grant these motions "if the affirmative defenses are insufficient as a matter of law or present no questions of law or fact." *Man Roland Inc. v. Quantum Color Corp.,* 57 F. Supp. 2d 576, 579 (N.D. Ill. 1999). Nonetheless, a motion to strike can be a useful means of removing "unnecessary clutter" from a case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

In ruling on a motion to strike an affirmative defense, the Court must determine whether the matter is appropriately pled as an affirmative defense and whether it is sufficiently pled pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 737 (N.D. Ill. 1982); *Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); *Renalds v. S.R.G. Restaurant Group,* 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). A court should only strike an affirmative defense if it appears beyond a doubt that the pleader can prove no set of facts in support of his defense that would plausibly entitle him to relief. *See, e.g., Kimbrew v. Advocate Heatlh & Hosps. Corp.,* No. 10 C 4531, 2010 WL 4531 at *2 (N.D. Ill. Dec. 8, 2010) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007)).

## DISCUSSION

### A.    The Affirmative Defense of Unclean Hands May Be Asserted Against the Plaintiff

Gamla's pleading is not a model of clarity; however, it appears to assert the affirmative defense of unclean hands. (Doc. 25 at ¶at 28 ["By reason of the foregoing, Mittelstaedt comes to this court with unclean hands."]; Doc. 30 at 2 ["The Affirmative Defense in this case is that plaintiff comes to this court with unclean hands and is therefore barred to enforce the contract that is the basis of her Complaint."] .)[2]   The unclean hands defense is designed to prevent a plaintiff "who acts unfairly, deceitfully, or in bad faith" from gaining from his or her transgression through equity. *Young v. Verizon's Bell Atl. Cash Balance Plan,* 615 F.3d 808, 822 (7th Cir. 2010); *see also Packers Trading Co. v. Commodity Futures Trading Comm'n,* 972 F.2d 144, 148-49 (7th Cir. 1992). Accordingly, if a plaintiff is guilty of misconduct, the trial court can bar them from recovering under the theory of unjust enrichment, even if they were otherwise entitled to recover. *See Long v. Kemper Life Ins. Co.,* 196 Ill. App. 3d 216, 218-19 (2d Dist. 1990).

This defense is only applicable to Plaintiff's claim for specific performance, not to her claim for damages based on breach of contract. *See, e.g., Citgo Petroleum Corp. v. Integrys Energy Servs.,* No. 10 C 4743, 2012 WL 2129402, at *12 (N.D. Ill. June 12, 2012) (granting plaintiff's motion for summary judgment on unclean hands defense because plaintiff only sought damages for breach of contract, not equitable relief); *RBS Citizens, N.A. v. Sanyou Import, Inc.,* No. 11 C 1820, 2011 WL 2712744, at *4 (N.D. Ill. July 13, 2011) (striking unclean hands defense because plaintiff did not

---

[2] Gamla failed to expressly label its affirmative defenses.  While the Court could adduce Gamla raised the affirmative defense of unclean hands, it cannot discern if Gamla is attempting to raise any other affirmative defenses. It is not the Court's job to guess if it is.  Thus, to the extent that Gamla seeks to raise additional affirmative defenses, such as fraud, those have not been sufficiently alleged under Fed. R. Civ. P. 8.

request equitable relief); *General Electric Bus. Fin. Servs., Inc. v. Silverman,* 693 F. Supp. 2d 796, 804 (N.D. Ill. 2010) (same). However, it is a properly asserted defense under Federal Rule of Civil Procedure 8. *See Scheiber v. Dolby Laboratories, Inc.,* 293 F. 3d 1014, 1021 (7th Cir. 2002).[3]

In this case, Plaintiff requests specific performance of the 2206 Contract. A request for specific performance is a request for equitable relief. *See Administrative Committee v. Gauf,* 188 F. 3d 767, 771 (7th Cir. 1999). Gamla alleges that Plaintiff would unjustly benefit from this equitable relief because Plaintiff was complicit in her son's acts that defrauded Gamla. Namely, Gamla alleges that Gammonley and 327 Chicago fraudulently induced Gamla to enter into the Bulk Purchase Agreement by stating they would attempt to sell Unit 2206 for $706,000 when, in fact, they intended to convey Unit 2206 to the Plaintiff for significantly less. The sale of Unit 2206 to the Plaintiff was a non-arm's length deal. The Plaintiff was aware of the Bulk Purchase Agreement. She was aware that her son would not disclose their relationship and the nature of their deal prior to Gamla closing on the Bulk Purchase Agreement. Plaintiff would unfairly gain from her complicity if Gamla is required to specifically perform the 2206 Contract. Therefore, the doctrine of unclean hands is properly asserted against the Plaintiff because the doctrine of unclean hands bars equitable relief if such relief would result in a wrongful gain for the plaintiff. *See Young,* 615 F.2d at 822; *Scheiber,* 293 F.3d at 1021; *see also Long,* 196 Ill. App. 3d at 219 ("The doctrine applies if the party seeking equitable relief is guilty of misconduct, fraud or bad faith toward the party against whom relief is sought if that misconduct is connected to the transaction at issue.").

---

[3]In pleading its affirmative defense, Gamla states that Plaintiff's unclean hands should prevent the Court from awarding Plaintiff any damages resulting from Gamla's alleged breach of the 2206 Contract. (Doc. 25 at ¶ 28.) This request is legally flawed and is denied. Unclean hands is a defense to a claim seeking equitable relief, not a defense to an action for contract damages. *See, e.g., Citgo Petroleum Corp.,* 2012 WL 2129402, at *12.

Plaintiff contends that the defense is not properly asserted against her because she was never a party to the Bulk Sales Agreement. She contends that since she never induced Gamla to enter the Bulk Sales Agreement, or made any false representations to Gamla, she should not be penalized regardless of whether 327 Chicago or Gammonley did. However, at this stage of the litigation, the Court must credit a defendant's allegations in pleading an affirmative defense. *See, e.g., Fried Trading Co.*, 1987 WL 4773, at *1. Gamla alleges that Plaintiff was complicit in the alleged fraud. Accordingly, it would be premature for the Court to strike this defense before Gamla has had an opportunity to conduct discovery on this issue.[4]

### B. Gamla Has Sufficiently Alleged the Affirmative Defense of Unclean Hands under Rule 9(b)

If an unclean hands defense is predicated on allegations of fraud, the affirmative defense must be alleged with the particularity required by Federal Rule of Civil Procedure 9(b). *See, e.g., Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.,* No. 02 C 2523, 2003 WL 1720073, *6 (N.D. Ill. Mar. 31, 2003); *Zic v. Italian Government Travel Office,* 130 F. Supp. 2d 991, 999 n. 8 (N.D. Ill. 2001). To allege fraud with particularity means to allege the who, what, when, where and how of the alleged fraud. *See DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990); *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012) ("We have summarized the particularity requirement as calling for the first paragraph of any newspaper story: 'the who, what, when, where, and how.'"). Since Gamla's defense is predicated on allegations of fraud, it must sufficiently allege

---

[4]Plaintiff's reliance on *Heller Financial* is misplaced. In *Heller,* the Seventh Circuit granted summary judgment on the basis that a contract between two parties is not voidable if one of the parties enters the contract on the basis of false representations made by an independent, third party. *See Heller Fin.,* 883 F.2d at 1296. Conversely here, Gamla alleges that the Plaintiff was not an independent third party; rather, she was a party to the fraud her son committed upon Gamla.

7

the who, what, when, where and how of Plaintiff's unclean hands to withstand Plaintiff's motion to strike. It has done so.

Gamla alleges that the Plaintiff was aware of the Bulk Purchase Agreement. She was aware that the list price for Unit 2206 was significantly higher than the amount her son conveyed the unit to her for. She knew the Unit was unfinished but agreed that it was complete for purposes of purchase. Plaintiff was aware that her son failed to disclose their relationship to Gamla prior to Gamla closing on the Bulk Purchase Agreement. She has now attempted to benefit from her son's omissions by demanding that title be conveyed to her for the reduced price she received from her son. Additionally, she seeks to profit from her son's omissions by demanding that Gamla complete the Unit. These allegations are more than sufficient to describe the alleged fraud and to put the Plaintiff on notice of how she was party to that fraud. Accordingly, Gamla has alleged its affirmative defense of unclean hands with sufficient particularity to meet the requirements of Rule 9(b).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike is denied.


_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: December 12, 2012

8